## NEAL CRADDOCK V. THE STATE.

No. 10272. Delivered November 3, 1926.

Rehearing denied January 19, 1927.

**1.—Transporting Intoxicating Liquor—Evidence—Improperly Admitted—Harmless Error.**

Where, on a trial for the transportation of intoxicating liquor, the state was permitted to prove that at the time of his arrest the appellant was intoxicated, under the facts presented in this record such testimony was improperly admitted, but it was not of sufficient importance to require a reversal of the case.

**2.—Same—New Trial—Properly Refused.**

Where a motion for a new trial is presented, based upon newly discovered evidence, and there is no showing made of any diligence to procure the testimony, and none of the requisites of the statutes are complied with in presenting the motion, it was properly overruled.

### ON REHEARING.

**3.—Same—New Trial—Newly Discovered Evidence.**

Where a new trial was requested on the ground of the newly discovered evidence of the witness Caudle, and it is shown that appellant's witnesses who were present at the time of the discovery of the whiskey in appellant's car, testified that Caudle was also present, and no effort was shown by appellant to ascertain this fact before the trial, nor to secure the attendance of Caudle during the trial, the trial court properly overruled the motion.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*I. N. Williams* of Mt. Pleasant, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is transporting intoxicating liquor, and the penalty assessed is one year in the penitentiary.

There are two bills of exception in the record. The first one complains of the court's action in permitting the state to prove that the appellant was drunk at the time he was arrested.

This testimony should not have been admitted but in view of the fact that the appellant is given the lowest penalty, under a statement of facts that fully justified the conviction, we think it is not of sufficient importance to require a reversal of the case.

Bill of exception number two complains of the action of the court in overruling the motion for new trial which was based on the ground of newly discovered evidence. The showing contained in the record with reference to newly discovered evidence fails to disclose that any diligence was used to procure the testimony and none of the requisites of the statute are complied with in presenting this motion to the trial court.

With the record in this condition, no error is shown in this bill.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we were in error in our former opinion in stating that no diligence was shown to discover the testimony of one Caudle, the alleged newly discovered witness. Appellant's insistence caused us to make a further examination of the record which has only confirmed us in the views already expressed. O. M. Fuquay was a witness for the state. Jim Williams was a witness for appellant. The testimony developed that the discovery of the whiskey which appellant was charged with transporting resulted from a collision between appellant's car and that of one Grissom. Both Fuquay and Williams testified to being present and what they observed at the scene of the collision immediately after it occurred. Appellant's own witness Williams testified that he, Fuquay and *Caudle* were standing there talking at the time. By one of appellant's own witnesses the

presence of Caudle was made known during the trial, yet there seems to have been no effort to get Caudle as a witness before the trial closed. The most ordinary diligence in the form of an inquiry from either Fuquay ' or Williams before the trial would have discovered what other parties were present and in a position to throw light upon the transaction, and this inquiry would doubtless have resulted in the discovery of the witness Caudle.

Appellant's motion for rehearing is overruled.

*Overruled.*